UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KIRA SAUNDERS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:18-CV-572 RLM-MGG |
| | ) |
| SELECT PORTFOLIO SERVICING, | ) |
| INC. and US BANK NATIONAL | ) |
| ASSOCIATION, | ) |
| | ) |
| Defendants. | |

OPINION and ORDER

Kira Saunders filed a *pro se* complaint alleging various federal and state law causes of action against Select Portfolio Servicing, Inc. and US Bank National Association stemming from what she describes as a wrongful foreclosure. The defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the Rooker–Feldman doctrine deprives the court of subject matter jurisdiction over Ms. Saunders's claims and under Rule 12(b)(6), contending that the court should give preclusive effect to the state court's foreclosure proceedings. [Doc. No. 10]. For the following reasons, the court grants in part and denies in part the motion to dismiss.

I. Background

In 2017, Ms. Saunders acquired sole possession and ownership of property following her grandmother's death, but had difficulty establishing

successorship with the mortgage servicer, Select Portfolio Servicing. Before she could establish successorship, she received a notice of default and acceleration and US Bank National Association, acting as trustee for the mortgage holder, filed a foreclosure action in Cass County court. On July 27, 2018, while the foreclosure action was still pending, Ms. Saunders filed this action in federal court alleging state law claims based on a wrongful foreclosure action and that Select Portfolio Servicing violated federal regulations. On August 3, the state court held a hearing on US Bank's motion for summary judgment, at which Ms. Saunders argued against the foreclosure. The court granted the motion the same day, and entered a foreclosure decree.

Before proceedings to the merits of the motion to dismiss, the court must resolve two motions related to Ms. Saunders's sur-reply. After the defendants filed a reply brief in support of their motion that included a new exhibit—a transcript of the Cass County court's hearing on the summary judgment motion—and addressed the hearing for the first time, Ms. Saunders filed a sur-reply. [Doc. No. 16]. The defendants moved to strike the sur-reply, arguing Ms. Saunders hadn't sought or been granted leave to file it. [Doc. No. 17]. Ms. Saunders responded by filing a motion for leave to file a sur-reply and attached her proposed sur-reply. [Doc. No. 18]. The defendants didn't respond to Ms. Saunders's motion.

Courts generally disfavor sur-replies but have discretion to allow them "to address new arguments or evidence raised in the reply brief." Thompson v. City

of Indianapolis, No. 115CV01712TWPDML, 2017 WL 1546316, at *2 (S.D. Ind. Apr. 28, 2017). Because the defendants included a new exhibit with their reply brief, the court will consider Ms. Saunders's sur-reply and, accordingly, denies the motion to strike and denies Ms. Saunders's motion for leave to file a sur-reply as unnecessary.

## II. Discussion

### A. *Rooker–Feldman* Doctrine

In their motion to dismiss, the defendants first argue that the court should dismiss this case pursuant to Rule 12(b)(1), asserting that Ms. Saunders's complaint seeks to set aside a state court judgment and decree of foreclosure entered against her by the Cass County Circuit Court. The defendants contend that the Rooker–Feldman doctrine deprives the court of subject matter jurisdiction over all of her claims because she seeks review of a state court decision.

A federal court must assure itself that it has jurisdiction over the subject matter of a case – the power to hear and decide it -- before it can proceed to take any action on the merits. *See* Warth v. Seldin, 422 U.S. 490, 498 (1975); Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). Rule 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. In reviewing a motion under Rule 12(b)(1), the court must "accept as true all well-pleaded factual allegations and draw all

reasonable inferences in favor of the plaintiff," yet, if necessary, may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007) (internal quotations and citation omitted). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). A court must dismiss an action without reaching the merits if there is no jurisdiction. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-431 (2007).

"Lower federal courts are not vested with appellate authority over state courts." Sykes v. Cook Cty. Circuit Court Prob. Div., 837 F.3d 736, 741 (7th Cir. 2016) (citations omitted). The Rooker-Feldman doctrine "is a rule of federal jurisdiction," Frederiksen v. City of Lockport, 384 F.3d 437, 438 (7th Cir. 2004), that "deprives federal courts of subject matter jurisdiction where a party . . . sues in federal court seeking to set aside the state court judgment and requesting a remedy for an injury caused by that judgment." Johnson v. Orr, 551 F.3d 564, 568 (7th Cir. 2008).

Ms. Saunders argues that the Rooker-Feldman doctrine doesn't apply because she filed her complaint on July 27, 2018, a week before the Cass County court entered the foreclosure decree. The court agrees. According to the Supreme

4

Court, the Rooker-Feldman doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered *before the district court proceedings commenced* and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (emphasis added). *See also* TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 591 (7th Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. at 291) (the Rooker-Feldman "only applies to cases like Rooker and Feldman where 'the losing party in state court filed suit in federal court *after the state proceedings ended*' ") (emphasis supplied). In their reply brief, the defendants recognize that Ms. Saunders filed this case before the state court judgment and decree was entered, but don't address Exxon Mobil Corp. v. Saudi Basic Indus. Corp. and its progeny.

Because Ms. Saunders filed this case before the Cass County court entered its judgment and decree of foreclosure, the Rooker-Feldman doctrine doesn't apply and the court can't dismiss the case for want of jurisdiction. *See* Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. at 284.

*B. Issue Preclusion*

The defendants alternatively moved to dismiss this case under Rule 12(b)(6) based on issue preclusion.[1] When considering a Rule 12(b)(6) motion to

---

[1] In their reply brief, the defendants say that claim preclusion also bars Ms. Saunders's claims, but recognize that they didn't move for dismissal on that ground. Because

5

dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). Ms. Saunders filed her complaint without an attorney, so the court "construe[s] it liberally, holding it to a less stringent standard than formal pleadings drafted by lawyers." Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556).

"When the earlier judgment was rendered by a state court, the Full Faith and Credit Statute, 28 U.S.C. § 1738, 'requires [federal] courts to give a state court judgment the same preclusive effect it would have in state court.' " Mains v. Citibank, N.A., 852 F.3d at 675 (quoting Long v. Shorebank Dev. Corp., 182 F.3d 548, 560 (7th Cir. 1999)). Indiana law determines what, if any, preclusive effect the Cass County court's judgment has on Ms. Saunders's complaint. *See* Id.

---

dismissal based on claim preclusion isn't properly before the court, the court won't address it.

"In general, issue preclusion bars subsequent litigation of the same fact or issue that was necessarily adjudicated in a former suit." Miller Brewing Co. v. Indiana Dep't of State Revenue, 903 N.E.2d 64, 68 (Ind. 2009) (citing Tofany v. NBS Imaging Sys., Inc., 616 N.E.2d 1034, 1037 (Ind. 1993)). To decide whether issue preclusion is appropriate, "[t]he courts ask two questions: '(1) whether the party in the prior action had a full and fair opportunity to litigate the issue and (2) whether it is otherwise unfair to apply collateral estoppel given the facts of the particular case.' " Mains v. Citibank, N.A., 852 F.3d at 676 (quoting Indianapolis Downs, LLC v. Herr, 834 N.E.2d 699, 705 (Ind. Ct. App. 2005)).

Ms. Saunders's state law negligence, negligent infliction of emotional distress, and fraud claims are premised on "a wrongful foreclosure action." The foreclosure itself was fully litigated in state court and the Cass County court granted the foreclosure decree, necessarily finding that the foreclosure action wasn't wrongful or fraudulent. Ms. Saunders argues that she is disabled and wasn't represented in the state court action, but those aren't grounds that would allow the court to find that preclusion is unfair. *See, e.g.* Tofany v. NBS Imaging Sys., Inc., 616 N.E.2d 1034, 1038 (Ind. 1993). Accordingly, this court must give preclusive effect to that ruling and Ms. Saunders's claims based on wrongful foreclosure must be dismissed. With respect to her state law claims, Ms. Saunders's "remedies lie in the Indiana courts . . . [where she could] file for relief from judgment based on newly discovered evidence or on the fraud or misrepresentation of an adverse party, either through a motion or through an

independent action." Mains v. Citibank, N.A., 852 F.3d 669, 676 (citing Ind. R. Trial P. 60(B)).

The defendants also argue that issue preclusion applies to Ms. Saunders's claim that Select Portfolio Servicing violated federal regulations, including two Bureau of Consumer Financial Protection: 12 C.F.R. §§ 1024.38 and 1024.40. The defendants note that Ms. Saunders alleged violations of these regulations as an affirmative defense in her answer to the foreclosure action and in response to the summary judgement motion. The defendants argue that this demonstrates that she had a full and fair opportunity to litigate those issues in the previous adjudication. The court disagrees.

Issue preclusion only applies if the parties "have fully and fairly litigated a particular issue" meaning the issue was "expressly resolved and necessary to the outcome." Haber v. Biomet, Inc., 578 F.3d 553, 557 (7th Cir. 2009). At the hearing on the summary judgment motion, Ms. Saunders opposed the foreclosure decree by arguing, in part, that Select Portfolio Servicing violated the same Bureau of Consumer Financial Protection regulations she cites in her complaint. [Doc. No. 15-1 at 7–8].[2] After hearing her argument, the judge ruled against her, stating:

---

[2] The court takes judicial notice of the court records from the previous judicial proceeding. Federal Rule of Evidence 201; Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1073 (7th Cir. 2013) (citing Gen. Elec. Capital Corp. v. Lease Res. Corp., 128 F.3d 1074, 1081–82 (7th Cir. 1997)).

> You have not complied with the trial rules . . . no evidence has been designated in opposition to the [m]otion for [s]ummary [j]udgment. There's no affidavit, either [from] you or anyone else, [that] raises a genuine issue of material fact, with relation to whether the plaintiff is entitled to the relief [it] is seeking. Over [Ms. Saunders's] objection, the [c]ourt finds that the . . . [m]otion for [s]ummary [j]udgment is in order. As a matter of law, US National Bank Association . . . is entitled to an in-rem judgment as a matter of law.

Id. at 11. Nowhere in its ruling, or in the written order and decree of foreclosure that followed, did the court *expressly* resolve the issue of Select Portfolio Servicing's compliance with federal regulations. To the extent the defendants attempt to argue that the court implicitly resolved the issue, they haven't shown that such a ruling would have been necessary to the outcome of the foreclosure action. Accordingly, the court can't dismiss Ms. Saunders's claim that Select Portfolio Servicing violated federal regulations.

### III. CONCLUSION

For the foregoing reasons, the court:

1. DENIES the defendants motion to strike Ms. Saunders's sur-reply, [Doc. No. 17];

2. DENIES as unnecessary Ms. Saunders's motion to file a sur-reply, [Doc. No. 18];

3. GRANTS the defendants' motion to dismiss to the extent it seeks to dismiss Ms. Saunders's state law claims, [Doc. No. 10];

4. DENIES the defendants' motion to dismiss to the extent it seeks to dismiss Ms. Saunders's claims that Select Portfolio Servicing violated federal regulations. [Doc. No. 10].

SO ORDERED.

ENTERED:   February 27, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court