UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KIRA SAUNDERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:18-cv-572 RLM-MGG |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC. and U.S. BANK NATIONAL ASSOCIATION, | ) ) ) ) | |
| | ) | |
| Defendants. | | |

OPINION and ORDER

Kira Saunders filed a *pro se* complaint alleging various federal and state law causes of action against Select Portfolio Servicing, Inc. and US Bank National Association stemming from what she describes as a wrongful foreclosure. After the court granted in part and denied in part the defendants' motion to dismiss, dismissing Ms. Saunders's state law claims, the defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the remaining regulatory claims fail as a matter of law because there is no private right of action to enforce them. [Doc. No. 25] For the following reasons, the court grants the defendants' motion.

A party can move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." Milwaukee Police Ass'n v. Flynn, 863 F.3d 636, 640 (7th Cir. 2017) (quoting Wagner v. Teva

Pharm. USA, Inc., 840 F.3d 355, 357–358 (7th Cir. 2016)). Ms. Saunders filed her complaint without an attorney, so the court "construe[s] it liberally, holding it to a less stringent standard than formal pleadings drafted by lawyers," Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015), and in the light most favorable to her, accepts all well-pleaded facts as true, and draws all reasonable inferences in her favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell v. City of Chicago, 835 F.3d 736, 738 (7th Cir. 2016). A Rule 12(c) motion can be granted "when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007).

The defendants argue the court should enter judgment on the pleadings on all remaining claims.[1] Ms. Saunders filed a response indicating that she didn't receive service of the defendants' motion for judgment, so couldn't argue against it. [Doc. No. 28]. Although it appears that the motion and the accompanying brief was served on her via U.S. mail, the defendants mailed Ms. Saunders another copy of the motion and supporting brief and the court gave Ms. Saunders 28 more days to respond. [Doc. Nos. 29, 30]. Ms. Saunders filed no supplementary response and the defendants' motion is now ripe.

---

[1] The defendants note that after the court dismissed Ms. Saunders's state law claims, no claims remained against U.S. Bank National Association and requests that the court dismiss U.S. Bank National Association as a defendant. The court agrees and, accordingly, dismisses U.S. Bank National Association as a defendant.

The defendants argue that the court should enter judgment on the pleadings on Ms. Saunders's remaining claims: that Select Portfolio Servicing violated 12 C.F.R. §§ 1024.38 and 1024.40, two Bureau of Consumer Financial Protection regulations. The defendants contend that there is no private right of action to enforce those federal regulations, so Ms. Saunders can't pursue their enforcement in this suit. The court agrees.

When it promulgated 12 C.F.R. §§ 1024.38 and 1024.40, the Bureau of Consumer Financial Protection indicated that the regulations allowed "[t]he Bureau and prudential regulators . . . to supervise servicers within their jurisdiction to assure compliance with these requirements but there will not be a private right of action to enforce these provisions." Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10696, 10698 (Feb. 14, 2013) (to be codified at 12 C.F.R. pt. 1024). The "consensus of district courts across the country" is that courts must dismiss lawsuits attempting to enforce these Bureau of Consumer Financial Protection regulations. Golbeck v. Johnson Blumberg & Assocs., LLC, No. 16-CV-6788, 2017 WL 3070868, at *9 (N.D. Ill. July 19, 2017) (collecting cases and dismissing a claim seeking to enforce 12 C.F.R. § 1024.38). *See also* Schmidt v. PennyMac Loan Servs., LLC, 106 F. Supp. 3d 859, 868 (E.D. Mich. 2015) (holding there is no private right of action to enforce 12 C.F.R. § 1024.40).

Without a private cause of action, Ms. Saunders can't enforce 12 C.F.R. §§ 1024.38 and 1024.40, so judgment on the pleadings is warranted. Accordingly,

the court GRANTS the defendants' motion for judgment on the pleadings, [Doc. No. 25], and DIRECTS the Clerk to enter judgment accordingly.

SO ORDERED.

ENTERED:   July 16, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court